**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

Donait and Dieumane Ceant,

       Debtors in Possession.

_____/

        Case No.: 11-39744-JKO
        Chapter 11

## CHAPTER 11 PLAN OF REORGANIZATION

April 6, 2012

    COME NOW the Debtors-In-Possession, Donait and Dieumane Ceant, by and through undersigned counsel, and file this Chapter 11 Plan of Reorganization in accordance with the provisions of 11 U.S.C. §1125, in order to provide Creditors entitled to vote on the proposed Plan of Reorganization with adequate information in order to make an informed vote upon the proposed plan.

Chad T. Van Horn, Esq.
Florida Bar No. 64500

**BROWN, VAN HORN P.A.**
330 N. Andrews Ave., Suite 450
Fort Lauderdale, Florida 33301
Telephone: (954) 765-3166
Facsimile: (954) 678-9168
Email: Chad@BrownVanHorn.com
Florida Bar No: 64500
**ATTORNEY FOR THE DEBTORS**

Donait Ceant
Debtor-In-Possession

Dieumane Ceant
Debtor-In-Possession

# TABLE OF CONTENTS

ARTICLE I ........................................................................................................................ 4
ARTICLE II ...................................................................................................................... 7
    2.01     Allowed Administrative Claims .................................................................. 7
    2.02     Classes of Secured Claims ......................................................................... 8
    2.03     Classes of Priority Unsecured Claims......................................................... 14
    2.04     General Unsecured Claims .......................................................................... 15
    2.05     Classes of Equity Interest Holders .............................................................. 16
ARTICLE III .................................................................................................................... 16
    3.01     Voting of Claims and Equity Interests......................................................... 16
    3.02     Method of Distribution Pursuant to the Plan ............................................... 16
    3.03     No Distribution Pending Allowance ............................................................ 17
    3.04     Disallowed Claims ...................................................................................... 17
    3.05     Disbursing Agent ........................................................................................ 17
    3.06     No Recourse ................................................................................................ 18
    3.07     Amendments to Claims ............................................................................... 18
    3.08     Post-petition Interest on Claims .................................................................. 18
    3.09     Unclaimed Funds ........................................................................................ 18
ARTICLE IV .................................................................................................................... 19
    4.01     Assumption or Rejection of Executory Contracts and Unexpired Leases ............. 19
    4.02     Cure of Defaults .......................................................................................... 19
    4.03     Bar Date for Filing Proofs of Claim Relating to Executory Contracts and
    Unexpired Leases Rejected Pursuant to the Plan ................................................ 19
ARTICLE V ...................................................................................................................... 20
    5.01     General ........................................................................................................ 20
    5.02     The Reorganized Debtors ............................................................................ 20
    5.03     Funding ....................................................................................................... 20
    5.04     Effectiveness of Securities, Instruments and Agreements .......................... 20
    5.05     Approval of Agreements .............................................................................. 21
    5.06     No Change of Control .................................................................................. 21
    5.07     Administration After the Effective Date ..................................................... 21
    5.08     Term of Bankruptcy Injunction or Stays .................................................... 21
    5.09     Revesting of Assets ..................................................................................... 21
    5.10     Discharge of Debtors ................................................................................... 21
    5.11     Injunction Related to Discharge................................................................... 22
    5.12     Release by Holders of Impaired Claims ...................................................... 23
    5.13     Injunction Against Interference with the Plan ............................................. 23
    5.14     Votes Solicited in Good Faith...................................................................... 23
    5.15     Payments Within 90 Days of Filing............................................................. 23
    5.16     Notices ........................................................................................................ 24
ARTICLE VI .................................................................................................................... 24
    6.01     Conditions Precedent to Confirmation......................................................... 24
    6.02     Effect of Failure .......................................................................................... 25

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450  FORT LAUDERDALE, FLORIDA 33301**

6.03    Waiver of Conditions ........................................................................... 25

ARTICLE VII ......................................................................................................... 26

ARTICLE VIII ........................................................................................................ 27

8.01    Tax Implications of the Plan. .............................................................. 27

8.02    Effectuating Documents and Further Transactions .............................. 27

8.03    Post-Effective Date Fees and Expenses .............................................. 27

8.04    Amendment or Modification of Plan ................................................... 27

8.05    Severability ........................................................................................ 28

8.06    Filing of Additional Documents ......................................................... 28

8.07    No Admissions .................................................................................... 28

8.08    Substantial Consummation ................................................................. 29

8.09    Final Decree ....................................................................................... 29

8.10    Inconsistency ...................................................................................... 29

8.11    No Interest or Attorneys' Fees ............................................................ 29

8.12    Successors and Assigns ...................................................................... 29

8.13    Savings Clause ................................................................................... 29

8.14    Remedy of Defects ............................................................................. 29

ARTICLE XI .......................................................................................................... 30

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

# ARTICLE I

*Definitions*

For the purpose of this Plan of Reorganization, the following terms shall have the respective meanings set forth below and such meanings shall be equally applicable to the singular and plural forms of the terms defined unless the context requires otherwise.

**"Administrative Expense"** shall mean any cost or expense of administration of this Estate allowed by the Court pursuant to Section 503(b) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the Estate and any actual and necessary expenses of operating the business of the Debtors.

**"Allowed Amount"** shall mean with respect to a Claim, (a) the amount of a Claim that was listed in the Debtors' Schedules (as originally filed in this Case) as not disputed, contingent or unliquidated, if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, or (b) if a holder of a Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to 3003(c)(3) of the Rules: (i) the amount stated in such proof of claim or in the Schedules if no objection to such proof of claim or amount listed in the Schedules has been interposed within the applicable period of limitation fixed by the Code or Rules, or as otherwise fixed by the Court, or (ii) such amount as shall be fixed by an order of the Court which has become a Final Order, if an objection has been interposed within the applicable period of limitation fixed by the Code, the Rules, or the Court, or (c) with respect to a Fee Request, such amount as shall be fixed by an order of the Court which has become a Final Order. In no event shall the Allowed Amount of any Priority Claim or Unsecured Claim include interest accrued on such Claim after the Filing Date.

**"Allowed Claims"** shall mean a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), and which is not listed as disputed, contingent or unliquidated as to amount, and in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3003, or by order of the court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending. Allowed claim shall not include interest on the principal amount of such claim subsequent to the Petition Date, except as may be otherwise provided herein.

**"Allowed Secured Claim"** means an Allowed Claim secured by the Property in an amount equal to the lesser of the Allowed Claim of that creditor or the value of the Property, as determined by the Court pursuant to 11 U.S.C. § 506, minus the amount of any Allowed Claim secured by a senior lien against the same Property, unless the holder of the claim elects pursuant to § 1111(b) in which event the Allowed Secured Claim shall be equal to the Allowed Claim.

BROWN, VAN HORN P.A.
330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301

**"Article"** shall mean one of the numbered Articles of the Plan.

**"Ballot"** shall mean the ballot accompanying the Disclosure Statement upon which holders of Claims and Equity Interests in each Impaired Class of Claims and Equity Interests that are entitled to vote on the Plan shall indicate their acceptance or rejection of the Plan and, if applicable, such other elections as may be made thereon are to be indicated.

**"Ballot Deadline"** shall mean the last day established by order of the Court for filing a Ballot with the Clerk of the Court.

**"Bankruptcy Code"** means Title I of the Bankruptcy Reform Act of 1978, as Amended, 11 U.S.C. Section 101, et seq.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Southern District of Florida having jurisdiction over the Chapter 11 Case.

**"Business Day"** shall mean a day other than a Saturday, a Sunday, or a day on which commercial banks in Fort Lauderdale, Florida are authorized or required to close.

**"Case"** shall mean the Chapter 11 Case No. 11-39744-JKO, pending before the United States Bankruptcy Court for the Southern District of Florida, in which Donait and Dieumane Ceant are the Debtors.

**"Chapter 11"** means Chapter 11 of the Bankruptcy Code.

**"Claim"** shall have the meaning as set forth in 11 U.S.C., §101 and include any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**"Class"** shall mean a group of Claims or Equity Interests classified together pursuant to Article II of the Plan.

**"Confirmation Date"** shall mean the date upon which the Order confirming the Plan is entered by the Court in accordance with the provisions of Chapter 11 of the Code.

**"Court"** shall mean the United States Bankruptcy Court for the Southern District of Florida, in which the Debtors' Chapter 11 case, pursuant to which this Plan is proposed, is pending, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

**"Creditor"** shall mean the holder of an allowed Claim.

**"Debtor(s)"** shall mean Donait and Dieumane Ceant

-5-

**"Effective Date"** shall be the thirtieth (30th) day following the date upon which the Order is entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

**"Final Order"** shall mean an order or a judgment of the Court which has not been stayed and as to which order or judgment (or any revisions, modification or amendment thereof) the time to appeal or seek review or rehearing has expired.

**"Person"** or **"Persons"** shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof or other entity.

**"Petition Date"** shall mean October 27, 2011, the date on which the Debtors filed their voluntary Chapter 11 Petition with the Court.

**"Plan"** shall mean this Chapter 11 Plan of Reorganization in its present form or as may hereafter be amended, modified or supplemented in accordance with the terms hereof or in accordance with the Code.

**"Pro Rata"** shall mean proportionately, so that the ratio of the amount of consideration distributed to an account of a particular Allowed Claim or Equity Interest to the Allowed Amount of such Claim or Equity Interest is the same as the ratio of the amount of consideration distributed on account of all Allowed Claims or Allowed Equity Interests of the Class in which the particular Claim or Equity Interest is included to the amount of all Allowed Claims or Equity Interests of that Class, unless otherwise defined in the Plan. Whenever a Disputed Unsecured Claim or Disputed Equity Interest has not been finally resolved, an appropriate reserve for payment of such Disputed Unsecured Claim or Disputed Equity Interest shall be established so that there will be sufficient consideration available to make a Pro Rata distribution to the holder of such Disputed Unsecured Claim or Disputed Equity Interest upon final resolution of the dispute.

**"Professional Person"** mean attorneys, accountants, appraisers or other professionals within the meaning of Section 327 of the Bankruptcy Code, employed with the approval of the Bankruptcy Court.

**"Rules"** shall mean the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules as adopted by the Court.

**"Secured Claim"** means any Claim that is secured pursuant to Section 506 of the Bankruptcy Code.

**"Secured Creditor"** means any Creditor that holds a Secured Claim.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

# ARTICLE II

*Treatment of Claims and Equity Interests*

**2.01    Allowed Administrative Claims**

Each holder of an Allowed Administrative Claim shall receive, on the latest to occur of (i) the effective date, (ii) the date on which its Administrative Claim becomes an Allowed Administrative Claim, and (iii) the date on which its Administrative Claim becomes payable under any agreement relating thereto, cash equal to the unpaid portion of the Allowed Administrative Claim. Notwithstanding the foregoing, (a) any Allowed Administrative Claim arising during the Bankruptcy Case shall be paid in the ordinary course of business in accordance with terms and conditions of any agreement relating thereto; and (b) any Allowed Administrative Claim may be paid on such other terms as may be agreed on between the holder of such claim and the Debtors.

Compensation of professionals and reimbursement of expenses incurred by professionals are Administrative Claims pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4) and 503(b)(5) of the Code (the "**Professional Fees** and **Expenses Claims**"). All payments to Professionals for Professional Fees and Expenses Claims will be made in accordance with the procedures established by the Code, the Rules and the Court relating to the payment of interim and final compensation for services rendered and reimbursement of expenses. The Court will review and determine all applications for compensation for services rendered and reimbursement of expenses.

All entities seeking an award by the Court of Professional Fees and Expenses shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date pursuant to section 330 if the Code and Rule 2016 by the date that is ten (10) days after the Effective Date or such other date as may be fixed by the Court.

| TYPE | ESTIMATED AMOUNT OWED | PROPOSED TREATMENT |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | Unknown | Paid in full on the Effective Date of the Plan, or according to terms of obligation, if later. The Debtors have been paying post-petition expenses in the normal course, and does not believe that any amounts are due and owing. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | $0.00 | N/A |

| Professional Fees, as approved by the Court | Est. $50,000.00[1] | Paid in full on the Effective Date of the Plan, or according to a separate agreement, or according to Court order if such fees have not been approved by the Court on the Effective Date of the Plan. |
|---|---|---|
| Clerk's Office Fees | $0.00 | N/A |
| Other Administrative Expenses | $0.00 | N/A |
| Office of the U.S. Trustee Fees | Est. $650.00 | Paid in full on the Effective Date of the Plan. |
| **TOTAL** | **Est. $50,650.00** | |

**2.02    Classes of Secured Claims**

Allowed Secured Claims are claims secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under 11 U.S.C. §506. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

***IMPORTANT*** 11 U.S.C. §1111(b) Election

**If any secured creditor elects for treatment pursuant to 1111(b) of the Code, the creditor will receive, at the election of the Debtors, either the full amount of the present value (as of Plan Effective date) of creditor's claim or the property at the end of 10 years. Debtors' election shall be made on the 10 year anniversary of the Effective Date of the Plan.  Adequate protection, interest only, payments shall be paid monthly for a period of 10 years, or continue as the case may be, from the Effective date of the Plan, calculated as follows: Current market value of the property amortized over thirty (30) years at a 5.25% interest rate.  Debtors shall remain responsible for paying taxes and insurance for the ten (10) year period. [For example a secured creditor that is secured by a property valued at $100,000.00, that has a $200,000.00 promissory note will be paid $437.50 per month for ten (10) years (interest only), then at the election of the confirmed Debtors, will either receive the property back or full payment of the present value (at the Plan Effective date) of creditor's $200,000.00 claim.]**

---

[1] This amount does not include fees and costs paid prior to filing, or awarded by the Court through an interim fee application and paid by the Debtor in Possession.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

The following chart lists all classes containing Debtors' secured prepetition claims and their proposed treatment under the Plan:

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1** – Secured Claim of Nationstar Mortgage Homestead Property (Claim #4-1)<br><br>610 NW 38th St, Pompano Bch, FL 33064<br><br>Total claim amount: $256,036.38<br><br>Secured amount: $256,036.38<br><br>Value of Property: $77,150.00<br><br>New York Trust Company, N.A.'s [No Claim Filed] 2nd Mortgage is unsecured in the amount of $4,083.00 pursuant to Order [ECF #94] (Addressed in Class 8) | **Unimpaired** | Class 1, the Secured Claim of Nationstar Mortgage, is unimpaired by the Plan. This claim is Secured by Debtors' Homestead real property located at 610 NW 38th St, Pompano Bch, FL 33064.<br><br>The Debtors' will attempt a loan modification outside of bankruptcy to address the secured claim of Nationstar Mortgage Homestead Property.  If a modification agreement is not worked out, the Debtors will surrender their homestead to the secured lender.<br><br>Bank of New York Trust Company, N.A. retains a deficiency claim in the amount of $4,083.00 as junior lienholder pursuant to the Order Valuing and Determining Secured Status of Lien on Real Property [ECF No. 94]. As a result, Bank of New York Trust Company, N.A. is entitled to distributions pursuant to the treatment specified in Class 8 (Allowed Unsecured Claims) to be applied toward Bank of New York Trust Company, N.A.'s deficiency claim on its junior lienholder position. |
| **Class 2** – Secured Claim OneWest Bank (Claim #6-1)<br><br>301 SW 2nd St. Pompano Bch, FL 33064<br><br>Total claim amount: $248,576.49<br><br>Secured amount: $68,000.00 | **Impaired** | Class 2, the Secured Claim of Onewest Bank FSB is impaired by the Plan. This claim is secured by the real property located at 301 SW 2nd Street, Pompano Bch, FL 33064.  Pursuant to Court Order [ECF No. 96] this claim was reclassified as an allowed secured claim in the amount of $68,000.00, and as an allowed unsecured claim for the balance which is addressed in class 8.<br><br>The secured claim will be paid at the rate of 5.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $375.50 in addition to escrow payments as delineated in the original mortgage documents, beginning on the first |

**BROWN, VAN HORN P.A.**<br>**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

| | | |
|---|---|---|
| Unsecured Deficiency: $180,576.49 (Addressed in Class 8)<br><br>Plan Payment Monthly Amount: $375.50<br><br>Plan Payment Term: 30 years<br><br>Interest Rate: 5.25%<br><br>PNC Bank's [Claim # 2-1] 2nd Mortgage is unsecured pursuant to Order [ECF #92] (Addressed in Class 8) | | day of the month following the Effective Date of the Plan, and continuing on the first day of every month thereafter. The Debtors shall have a fifteen (15) day grace period to make these payments. Except as modified herein, all terms and conditions of the original Note and Mortgage shall remain in full force and effect.<br><br>The Claimant will retain its lien on the subject property during the time that payments are made. Payments will be made at the regular address or such other address as required by Claimant, upon notice to the Debtors. The allowed unsecured portion of the subject claim will be paid in accordance with the Class of unsecured creditors below.<br><br>The initial plan payment shall include repayment of administrative expenses advanced by Class 3 creditors in the amount specified in creditor's Application for Administrative Expenses, if any, and is subject to the Court's approval. Failure to file an Application for Administrative Expenses shall constitute a waiver of creditor's administrative expense claim. Payment of administrative expenses shall be repaid in 60 equal monthly payments, with the first payment due 30 days after the effective date of the Plan. |
| **Class 3** – Secured Claim of Bank of America, N.A. (Claim #8-1)<br><br>2421 NE 6th Ave. Pompano Beach, FL 33064<br><br>Total claim amount: $248,860.01<br><br>Secured amount: $108,000.00<br><br>Unsecured Deficiency: $140,860.01 (Addressed in Class 8) | **Impaired** | Class 3, the Secured Claim of Bank of America, N.A. is impaired by the Plan. This claim is secured by the real property located at 2421 NE 6th Ave., Pompano Beach, FL 33064. Pursuant to Court Order [ECF No. 80] this claim was reclassified as an allowed secured claim in the amount of $108,000.00, and as an allowed unsecured claim for the balance which is addressed in class 8.<br><br>The secured claim will be paid at the rate of 5.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $596.38 in addition to escrow payments as delineated in the original mortgage documents, beginning on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every month thereafter. The Debtors shall have a fifteen (15) day grace period to make these payments. Except as |

**BROWN, VAN HORN P.A.**<br>**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

| | | |
|---|---|---|
| Plan Payment Monthly Amount: $596.38<br><br>Plan Payment Term: 30 years<br><br>Interest Rate: 5.25% | | modified herein, all terms and conditions of the original Note and Mortgage shall remain in full force and effect.<br><br>The Claimant will retain its lien on the subject property during the time that payments are made. Payments will be made at the regular address or such other address as required by Claimant, upon notice to the Debtors. The allowed unsecured portion of the subject claim will be paid in accordance with the Class of unsecured creditors below.<br><br>The initial plan payment shall include repayment of administrative expenses advanced by Class 3 creditors in the amount specified in creditor's Application for Administrative Expenses, if any, and is subject to the Court's approval. Failure to file an Application for Administrative Expenses shall constitute a waiver of creditor's administrative expense claim. Payment of administrative expenses shall be repaid in 60 equal monthly payments, with the first payment due 30 days after the effective date of the Plan. |
| **Class 4** – Secured Claim of Federal National Mortgage Association (Claim #7-1)<br><br>650 NE 25th St. Pompano Beach, FL 33064<br><br>Total claim amount: $258,180.23<br><br>Secured amount: $102,500.00<br><br>Unsecured Deficiency: $155,680.23 (Addressed in Class 8) | **Impaired** | Class 4, the Secured Claim of Federal National Mortgage Association is impaired by the Plan. This claim is secured by the real property located at 650 NE 25th Street, Pompano Beach, FL 33064. Pursuant to Court Order [ECF No. 107] this claim was reclassified as an allowed secured claim in the amount of $102,500.00, and as an allowed unsecured claim for the balance which is addressed in class 8.<br><br>The secured claim will be paid at the rate of 5.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $566.01 in addition to escrow payments as delineated in the original mortgage documents beginning on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every month thereafter. The Debtors shall have a fifteen (15) day grace period to make these payments. Except as modified herein, all terms and conditions of the original Note and Mortgage shall remain in full force and effect. |

**BROWN, VAN HORN P.A.**<br>**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

| | | |
|---|---|---|
| Plan Payment Monthly Amount: $566.01<br><br>Plan Payment Term: 30 years<br><br>Interest Rate: 5.25% | | The Claimant will retain its lien on the subject property during the time that payments are made. Payments will be made at the regular address or such other address as required by Claimant, upon notice to the Debtors.  The allowed unsecured portion of the subject claim will be paid in accordance with the Class of unsecured creditors below.<br><br>The initial plan payment shall include repayment of administrative expenses advanced by Class 4 creditors in the amount specified in creditor's Application for Administrative Expenses, if any, and is subject to the Court's approval. Failure to file an Application for Administrative Expenses shall constitute a waiver of creditor's administrative expense claim. Payment of administrative expenses shall be repaid in 60 equal monthly payments, with the first payment due 30 days after the effective date of the Plan. |
| **Class 5** – Secured Claim of  BAC Home Loan Servicing, LP (Claim #9-1)<br><br>620 NE 25th St. Pompano Beach, FL 33064<br><br>Total claim amount: $219,653.95<br><br>Secured amount: $145,000.00<br><br>Unsecured Deficiency: $79,653.95 (Addressed in Class 8)<br><br>Plan Payment Monthly Amount: $800.70<br><br>Plan Payment Term: 30 years | **Impaired** | Class 5, the Secured Claim of BAC Home Loan Servicing, LP is impaired by the Plan. This claim is Secured by the real property located at 620 NE 25th Street, Pompano Beach, Florida 33064. Pursuant to Court Order this claim was reclassified as an allowed secured claim in the amount of $145,000.00 and as an allowed unsecured claim for the balance which is addressed in class 8.<br><br>The secured claim will be paid at the rate of 5.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $800.70 in addition to escrow payments as delineated in the original mortgage documents beginning on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every month thereafter.  The Debtors shall have a fifteen (15) day grace period to make these payments. Except as modified herein, all terms and conditions of the original Note and Mortgage shall remain in full force and effect.<br><br>The Claimant will retain its lien on the subject property during the time that payments are made. Payments will be made at the regular address or such other address as required by Claimant, upon notice to |

| | | |
|---|---|---|
| Interest Rate:<br>5.25% | | the Debtors. The allowed unsecured portion of the subject claim will be paid in accordance with the Class of unsecured creditors below.<br><br>The initial plan payment shall include repayment of administrative expenses advanced by Class 5 creditors in the amount specified in creditor's Application for Administrative Expenses, if any, and is subject to the Court's approval. Failure to file an Application for Administrative Expenses shall constitute a waiver of creditor's administrative expense claim. Payment of administrative expenses shall be repaid in 60 equal monthly payments, with the first payment due 30 days after the effective date of the Plan. |
| **Class 6** – Secured Claim of Nationstar Mortgage, LLC (Claim #5-1 )<br><br>340 SW 2nd Place, Pompano Beach, FL 33064<br><br>Total claim amount: $218,231.65<br><br>Secured amount: $75,000.00<br><br>Unsecured Deficiency: $143,231.65 (Addressed in Class 8)<br><br>Plan Payment Monthly Amount: $414.15<br><br>Plan Payment Term: 30 years<br><br>Interest Rate: 5.25% | **Impaired** | Class 6, the Secured Claim of Nationstar Mortgage, LLC is impaired by the Plan. This claim is secured by the real property located at 340 SW 2nd Place, Pompano Beach, FL 33064. Pursuant to court order this claim was reclassified as an allowed secured claim in the amount of $75,000.00, and as an allowed unsecured claim for the balance which is addressed in class 8.<br><br>The secured claim will be paid at the rate of 5.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $414.15 in addition to escrow payments as delineated in the original mortgage documents, beginning on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every month thereafter. The Debtors shall have a fifteen (15) day grace period to make these payments. Except as modified herein, all terms and conditions of the original Note and Mortgage shall remain in full force and effect.<br><br>The Claimant will retain its lien on the subject property during the time that payments are made. Payments will be made at the regular address or such other address as required by Claimant, upon notice to the Debtors. The allowed unsecured portion of the subject claim will be paid in accordance with the Class of unsecured creditors below. |

**BROWN, VAN HORN P.A.**<br>**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

| | | The initial plan payment shall include repayment of administrative expenses advanced by Class 6 creditors in the amount specified in creditor's Application for Administrative Expenses, if any, and is subject to the Court's approval. Failure to file an Application for Administrative Expenses shall constitute a waiver of creditor's administrative expense claim. Payment of administrative expenses shall be repaid in 60 equal monthly payments, with the first payment due 30 days after the effective date of the Plan. |
|---|---|---|

## 2.03 Classes of Priority Unsecured Claims

Certain priority claims that are referred to in 11 U.S.C. §§507(a)(1), (4), (5), (6) and (7) are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the Effective Date of the Plan equal to the Allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

The following chart lists all classes containing Debtors' priority unsecured claims and their proposed treatment under the Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 7 –Priority Claims | **Unimpaired** | No priority claims have been filed or scheduled by the Debtors and the Debtors do not believe that any other priority claims exist. However, in the event that it is determined by the Court that any additional priority claims exist, then each holder of a Class 7 Priority Claim will be paid in full, over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of the Plan, and continue on the first day of every quarter. |

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**2.04    General Unsecured Claims**

General unsecured claims are not secured by property of the estate and are not entitled to priority under 11 U.S.C. §507(a). The following chart identifies the Plan's proposed treatments of Class 15, which contains general unsecured claims against the Debtors.

**NOTICE TO CLASS 8 --- GENERAL UNSECURED CREDITORS:** **Pursuant to 11 U.S.C. §1129(a)(15), unsecured creditors have a right to object to plan confirmation. If you object to confirmation of the Plan, the value of the property to be distributed under the Plan shall not be less than the projected disposable income of the Debtors as defined in 11 U.S.C. §1325(b)(2) to be received during the 5-year period beginning on the date that the first payment is due under the Plan (or during the period for which the Plan provides payments, whichever is longer).**

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 8 – General Unsecured Creditors | **Impaired** | Class 8 consists of all allowed unsecured general claims and allowed undersecured claims. The Class 8 Creditors shall share pro rata in a total distribution of $20,000.00 (the "Plan Payments"), which shall be paid over 5 years from the first day of the month following the Effective Date, in 20 quarterly payments totaling $1,000.00 per payment, with the first payment due on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every quarter.<br><br>Notwithstanding the above, any allowed unsecured general claimant and allowed undersecured claimant scheduled to receive a total distribution of $250.00 or less shall be paid in a lump sum within ninety (90) days from the Effective Date. |

The Debtors' Schedule F claims as well as all unsecured deficiency claim set forth in Classes 1 through 6 above. The aggregate amount of claims included in Class 8 is $608,786.73.

Based upon the distribution amount of $20,000.00, allowed unsecured claimants will receive a distribution of approximately 3.28%. This distribution is higher than what allowed general unsecured claimants would receive in a hypothetical Chapter 7, in which case the Debtors estimate that such claimants would receive a distribution of 0.00%.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**2.05    Classes of Equity Interest Holders**

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtors. Since the Debtors are individuals, they are the equity interest holder. The following chart sets forth the Plan's proposed treatment of the class of equity interest holders:

| Class | Impairment | Treatment |
|---|---|---|
| Class 9 – Equity Interest of the Debtors | **Unimpaired** | Class 9 consists of the Debtors' interest in property of the estate, which is retained under the Plan. The Debtors have committed the value of 5 years of their projected household net disposable income toward funding the Plan, and have otherwise met all of the requirements under the Bankruptcy Code. Class 9 is presumed to accept the Plan and not entitled to vote. |

**ARTICLE III**

**3.01    Voting of Claims and Equity Interests**

The Bankruptcy Code entitles only holders of impaired claims or equity interests who receive some distribution under a proposed plan to vote to accept or reject that plan. Holders of claims or equity interests that are unimpaired under a proposed plan are conclusively presumed to have accepted that plan and are not entitled to vote on it. Holders of classes of claims or equity interests that will receive no distributions under a proposed plan are conclusively presumed to reject that plan and, therefore, also not entitled to vote on it. 11 U.S.C. §1126(f)-(g).

**3.02    Method of Distribution Pursuant to the Plan**

(a) Subject to Rule 9010, and except as otherwise provided in Section 5.03 of the Plan, all distributions under the Plan shall be made by the Reorganized Debtors to the holder of each Allowed Claim at the address of such holder as listed on the Schedules and/or Proof of Claim as of the distribution record date unless the Debtors or Reorganized Debtors have been notified in writing of a change of address, including by the filing of a proof of Claim by such holder that provides an address different from the address reflected on the Schedules.

(b)  Any payment of Cash made by the Reorganized Debtors pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer.

(c)  Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

(d)  Any distributions of Cash or other property pursuant to the Plan that is unclaimed for a period of six (6) months after the distribution date shall constitute Unclaimed Funds and any entitlement of any holder of any Claim to such distributions shall be extinguished and forever barred.

(e) Unless otherwise provided herein, all initial distributions and deliveries to be made on the Effective Date shall be made on the initial distribution date. Subsequent distributions shall be made in accordance with the terms set forth in the Plan.

(f)  At the close of business on the distribution record date, the claims register shall be closed, and there shall be no further changes in the record holders of any Claims. The Debtors shall have no obligation to recognize any transfer of any Claims occurring after the distribution record date; provided, however, that the foregoing will not be deemed to prohibit the sale or transfer of any Claim subsequent to the distribution record date and prior to the Effective Date. The Debtors shall instead be entitled to recognize and deal for all purposes under the Plan with only those record holders as of the close of business on the distribution record date.

**3.03    No Distribution Pending Allowance**

Notwithstanding any other provision of the Plan, if any portion of a Claim is disputed, the full amount of such Claim shall be treated as a Disputed Claim for purposes of this Plan, and no payment or distribution provided under the Plan shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim or Allowed Equity Interest (in whole or in part).

**3.04    Disallowed Claims**

All Claims held by Persons against whom the Debtors or Reorganized Debtors have commenced an Action under sections 542, 543, 544, 545, 547, 548, 549, and/or 550 of the Code, shall be deemed "disallowed" Claims pursuant to section 502(d) of the Code and holders of such Claims shall not be entitled to vote to accept or reject the Plan. Claims that are deemed disallowed shall continue to be disallowed for all purposes until the Avoidance Action against such party has been settled or resolved by Final Order and any sums due to the Estates from such party have been paid.

**3.05    Disbursing Agent**

The Reorganized Debtors, or such Person(s) as the Reorganized Debtors may designate with approval of the Court, will act as Disbursing Agent under the Plan with respect to all Distributions to holders of Claims and Equity Interests, and will make all distributions required to be distributed under the applicable provisions of the Plan.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**3.06    No Recourse**

Notwithstanding that the Allowed Amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Code and Rules or is Allowed in an amount for which after application of the payment priorities established by the Plan there is insufficient value to provide a recovery equal to that received by other holders of Allowed Claims in the respective Class, no Claim holder shall have recourse against the Disbursing Agent, the Debtors, the Reorganized Debtors, or any of their respective professionals, consultants, or Affiliates or their respective successors or assigns, or any of their respective property. However, nothing in the Plan shall modify any right of a holder of a Claim under section 502(j) of the Code. **THE ESTIMATION OF CLAIMS AND ESTABLISHMENT OF RESERVES UNDER THE PLAN MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS**.

**3.07    Amendments to Claims**

A Claim may be amended prior to the Confirmation Date only as agreed upon by the Debtors and the holder of such Claim, or as otherwise permitted by the Court, the Rules or applicable law. After the Confirmation Date, a Claim may not be amended without the authorization of the Court. Any amendment to a Claim filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Debtors, the Reorganized Debtors or the Estate, unless the Claim holder has obtained prior Court authorization for the filing of such amendment.

**3.08    Post-petition Interest on Claims**

Unless expressly provided in the Plan, the Confirmation Order, or any contract, instrument, release, settlement, or other agreement entered into in connection with the Plan or required by applicable law, Post-Petition Interest shall not accrue on or after the Petition Date on account of any Claim.

**3.09    Unclaimed Funds**

Any funds unclaimed for the period described in paragraph 5.02(g) above shall be forfeited by the holder and will be re-deposited in the Disbursing Agent's account in accordance with 11 U.S.C. §347(b).

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

# ARTICLE IV

*Executory Contracts and Unexpired Leases*

## 4.01    Assumption or Rejection of Executory Contracts and Unexpired Leases

Approval of Assumption or Rejection of Executory Contracts and Unexpired Leases Subject to the occurrence of the Effective Date, entry of the Confirmation Order shall constitute (i) the approval, pursuant to sections 365(a) and 1123(b)(2) of the Code, of the assumption of the executory contracts and unexpired leases assumed pursuant to Article VI of the Plan and (ii) the approval, pursuant to sections 365(a) and 1123(b)(2) of the Code, of the rejection of the executory contracts and unexpired leases rejected pursuant to the Plan.

**NOTICE TO PARTIES OF ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO WHICH THE DEBTORS IS A PARTY: The Plan provides that all executory contracts and unexpired leases to which the Debtors is a party, except for such contract and leases as (i) have been assumed or rejected under an order of the Bankruptcy Court, (ii) rejected by operation of law under Bankruptcy Code §365(d)(2), or (iii) are the subject of a motion to assume and assign that is pending before the Bankruptcy Court on the Effective Date, are rejected. To the extent that any executor contract is not assumed and assigned, any claims arising thereunder will be deemed unsecured claims pursuant to Class 16, for purposes of treatment and distribution under the Plan.**

## 4.02    Cure of Defaults

To the extent that cure payments are due with respect to an executory contract or unexpired lease to be assumed pursuant to the Plan, the amount of such cure payment shall be listed in the Plan Supplement. To the extent that the non-Debtors party to any executory contract or unexpired lease disagrees with the cure amount listed in the Plan Supplement, such party must file a notice of dispute with the Court and serve such notice on the Debtors by no later than five (5) days prior to the Confirmation Hearing. Except as may otherwise be agreed to by the parties or provided herein, within ninety (90) days after the Effective Date, the Reorganized Debtors shall cure any and all undisputed defaults under any executory contract or unexpired lease assumed pursuant to the Plan in accordance with section 365(b)(1) of the Code. Except as otherwise provided herein, all disputed defaults that are required to be cured shall be cured either within ninety (90) days of the entry of a Final Order determining the amount, if any, of the Debtors' or Reorganized Debtors' liability with respect thereto, or as may otherwise be agreed to by the parties. If there are any objections filed, the Court shall hold a hearing. In the event the Court determines that the cure amount is greater than the cure amount listed by the Debtors, the Reorganized Debtors may elect to reject the contract or unexpired lease and not pay such greater cure amount.

## 4.03    Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan

BROWN, VAN HORN P.A.
330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301

Claims arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan must be filed with the Court and/or served upon the Debtors or Reorganized Debtors or as otherwise may be provided in the Confirmation Order, by no later than thirty (30) days after the later of (i) notice of entry of an order approving the rejection of such executory contract or unexpired lease, (ii) notice of entry of the Confirmation Order and (iii) notice of an amendment to the Assumption List. Any Claim not filed within such time will be forever barred from assertion against the Debtors, their Estate, the Reorganized Debtors, and their property. Unless otherwise ordered by the Court, all Claims arising from the rejection of executory contracts and unexpired leases shall be treated as Unsecured Claims under the Plan.

## ARTICLE V

*Provisions for Execution and Implementation of the Plan*

**5.01    General**

Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Debtors or Reorganized Debtors, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

**5.02    The Reorganized Debtors**

Except as otherwise provided in the Plan and the Confirmation Order, on the Effective Date, Reorganized Debtors shall be vested with all of the property of the Estate free and clear of all Claims, liens, encumbrances, charges, and other interests, including but not limited to that of holders of Claims and holders of Equity Interests. The Reorganized Debtors shall assume all of the Debtors' rights, obligations and liabilities under the Plan.

**5.03    Funding**

Funds to be used to make cash payments under the Plan shall derive from the following income sources: (i) Debtors' rental income generated by the investment properties and (ii) the Debtors' income from employment with Publix. The budget, attached hereto as **Exhibit "A"** (the "Budget") is a monthly budget that illustrates the projected income and liabilities of the Debtors going forward pursuant to the Debtors' Plan.

**5.04    Effectiveness of Securities, Instruments and Agreements**

On the Effective Date, all documents described in the Plan Supplement and all other agreements entered into or documents issued pursuant to the Plan and/or any agreement entered into or instrument or document issued in connection with any of the foregoing, as applicable, shall become effective and binding upon the parties thereto in accordance with their respective terms and conditions and shall be deemed to become effective simultaneously.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**5.05    Approval of Agreements**

Entry of the Confirmation Order shall constitute approval of the Plan Documents and all such transactions, subject to the occurrence of the Effective Date.

**5.06    No Change of Control**

Any acceleration, vesting or similar change of control rights of any Person or Entity in an arrangement with the Debtors that could otherwise be triggered by the entry of the Confirmation Order or the consummation of the Plan or any of the transactions contemplated thereby shall be deemed to be waived and of no force or effect.

**5.07    Administration After the Effective Date**

After the Effective Date, the Reorganized Debtors may operate their business, and may use, acquire, and dispose of their property, free of any restrictions of the Code and Rules.

**5.08    Term of Bankruptcy Injunction or Stays**

All injunctions or stays provided for in the Case under sections 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**5.09    Revesting of Assets**

Except as otherwise provided in the Plan, pursuant to section 1141 of the Code, the property of the Estate of the Debtors, shall revest in the Reorganized Debtors on the Effective Date, free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or the Confirmation Order.

**5.10    Discharge of Debtors**

Pursuant to 11 U.S.C. §1141(d)(5)(A), the Debtors shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein, upon completion of all payments required under the Plan to Class 1, 2, 3, 4, 5, 6, 7, 8 and 9 creditors, the Reorganization Debtors shall file a Final Report of Estate and Motion for Final Decree Closing Case on the court approved local form.

Notwithstanding the above, the Debtors may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

a.   The Debtors may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have

occurred: (i) payment of the initial payment to Class 1, 2, 3, 4, 5, 6, 7, 8 and 9 creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns. The Motion to Close shall certify that each of the above conditions have been met.

b.  The Motion to Close (and Notice of Hearing thereto) shall be served to all creditors and interested parties. The Court may grant the Motion to Close pursuant to 11 U.S.C. §305(a), if each of the above conditions have been met.

During the time that this bankruptcy case is temporarily closed, the provisions of the confirmation order shall remain in effect with respect to the treatment of creditor claims that existed as of the bankruptcy Petition Date, as long as the Debtors continue to be in compliance with the Plan and the Court's Order Confirming Debtors' Plan of Reorganization and Setting Bar Date for Lease and Executory Contract Rejection Claims (the "Confirmation Order"), and as long as the Debtors timely make all of the payments to Class 1, 2, 3, 4, 5, 6, 7, 8 and 9 creditors, as contemplated under the Plan.

Upon the satisfaction of all payments required under the Plan to 1, 2, 3, 4, 5, 6, 7, 8 and 9 creditors, Debtors may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. §350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtors have made all of the payments contemplated under the Plan to 1, 2, 3, 4, 5, 6, 7, 8 and 9 creditors.

Upon the re-opening of this bankruptcy proceeding, Debtors shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to Class 1, 2, 3, 4, 5, 6, 7, 8 and 9 creditor have been made. The Court may then grant the Debtors a discharge, pursuant to 11 U.S.C. §1141(d)(5).

## 5.11    Injunction Related to Discharge

Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtors, or Equity Interests in the Debtors, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors, on account of any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Equity Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Equity

BROWN, VAN HORN P.A.
330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301

Interest. Such injunctions shall extend to successors of the Debtors (including, without limitation, the Reorganized Debtors) and their respective properties and interests in property.

**5.12    Release by Holders of Impaired Claims**

This Plan, and the provisions and distributions set forth herein, is a full and final settlement and compromise of all Claims and causes of action, whether known or unknown, that holders of Claims against and Equity Interests in the Debtors may have against any of the Released Parties pursuant to Section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019. In consideration of the obligations of the Debtors and the Reorganized Debtors under this Plan, the securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with this Plan, each holder of a Claim against or Equity Interest in the Debtors shall be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce the Debtors' or the Reorganized Debtors' obligations under this Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder) against the Released Parties, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 case or the conduct thereof, or this Plan. Notwithstanding the foregoing, nothing in this Article 5.12, the Plan, or the Confirmation Order shall release any Claim or causes of action for gross negligence or willful misconduct.

**5.13    Injunction Against Interference with the Plan**

No entity may commence or continue any action or proceeding, or perform any act whatsoever to interfere with the implementation and consummation of this Plan and the payments to be made hereunder, as long as said payments are made pursuant to the terms of the Plan. The Court retains jurisdiction to impose sanctions for any such interference, including but not limited to compensatory damages, attorney's fees and costs and, if appropriate, punitive damage.

**5.14    Votes Solicited in Good Faith**

The Debtors has, and upon confirmation of the Plan shall be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and on account of such solicitation will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

**5.15    Payments Within 90 Days of Filing**

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

All payments made within ninety (90) days prior to the Petition Date were made in the ordinary course. Therefore, it is not in the best interests of the creditors to pursue litigation relating to the transfers.

**5.16    Notices**

Any notice described in or required by the terms of this Plan or the Code and Rules shall be deemed to have been properly given when actually received or if mailed, five days after the day of mailing, if such shall have been sent by certified mail, return receipt requested, and if sent to:

The Reorganized Debtors addressed to:

**Donait and Dieumane Ceant**
610 NW 38th St.
Pompano Beach, Florida 33064

With copies to:

**Brown, Van Horn P.A.**
Attention: Chad T. Van Horn, Esq.
330 N. Andrews Ave., Suite 450
Fort Lauderdale, FL 33301

and

**Office of the U.S. Trustee**
51 SW First Avenue, Room 1204
Miami, FL 33130

## ARTICLE VI

*Confirmation and Effectiveness of the Plan*

**6.01 Conditions Precedent to Confirmation**

The Plan shall not be confirmed by the Court unless and until the following conditions shall have been satisfied or waived pursuant to Section 8.03 of the Plan:

(i) The Confirmation Order shall be in form and substance reasonably acceptable to the Debtors and include, among other things, a finding of fact that the Debtors and the Reorganized Debtors, acted in good faith within the meaning of and with respect to all of the actions described

in section 1125(e) of the Code and are, therefore, not liable for the violation of any applicable law, rule or regulation governing such actions; and

(ii) All exhibits to the Plan, including those to be contained in the Plan Supplement, shall be in form and substance reasonably acceptable to the Debtors and approved by the Court.

(iii) The Confirmation Order shall have been entered and shall be a Final Order (with no modification or amendment thereof), and there shall be no stay or injunction that would prevent the occurrence of the Effective Date;

(iv) The statutory fees owing to the United States Trustee shall have been paid in full; and

(v) All other actions, authorizations, filings consents and regulatory approvals required (if any) shall have been obtained, effected or executed in a manner acceptable to the Debtors and remain in full force and effect or, if waivable, waived by the Person or Persons entitled to the benefit thereof.

**6.02    Effect of Failure**

If each condition to the Effective Date specified in the Plan has not been satisfied or duly waived within ninety (90) days after the Confirmation Date, then upon the filing of a motion by the Debtors made before the time that all conditions have been satisfied or duly waived, the Confirmation Order will be vacated by the Court; provided, however, that notwithstanding the filing of such a motion, the Confirmation Order shall not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Court enters an order granting the relief requested in such motion. If the Confirmation Order is vacated, the Plan shall be deemed null and void in all respects, including without limitation the discharge of Claims pursuant to section 1141 of the Code and the assumptions or rejections of executory contracts and unexpired leases as provided by the Plan, and nothing contained herein shall (l) constitute a waiver or release of any Action by, or Claims against, the Debtors or (2) prejudice in any manner the rights of the Debtors.

**6.03    Waiver of Conditions**

The Debtors may waive one or more of the conditions precedent to confirmation of the Plan, or the condition precedent to effectiveness of the Plan set forth in Section 8.01 of the Plan. The Debtors may waive in writing one or more of the other conditions precedent to confirmation and effectiveness of the Plan, without further notice to parties in interest or the Court without a prior hearing.

BROWN, VAN HORN P.A.
330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301

# ARTICLE VII

*Retention of Jurisdiction*

The Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Code and for, among other things, the following purposes:

A.     Determination of all issues and disputes regarding title to property of the estate, and determination of all causes of action, controversies, duties or conflicts, whether or not subject to litigation or proceedings pending as of the Confirmation date, between the Debtors and any other party, including but not limited to, any right of the Debtors to recover assets pursuant to the provisions of the Code and Rules.

B.     Fix allowances of compensation and reimbursement of expenses pursuant to §330 of the Code.

C.     Correct any defect, cure any omission, or reconcile any inconsistency in this  Plan or the Order of Confirmation as may be necessary or appropriate to carry out the purposes and intent of this  Plan.

D.     Determine pending applications for the assumption or rejection of executory contracts and unexpired leases under §365 of the Code and determine the allowance of Claims resulting therefrom;

E.     To consider any amendments or modifications to this Plan.

F.     To issue such orders as are necessary or appropriate to carry out the provisions of this Plan, including without limitation the appointment of a person pursuant to F.R.C.P. Rule 70 and Rule 7070 of the Rules to act, execute and deliver documents on behalf of the Debtors to implement and consummate this Plan.

G.     To enjoin the interference with the implementation and consummation of the Plan, and to impose sanctions for any such interferences in accordance with Article IV herein.

H.     To liquidate damages in connection with any disputed, contingent or unliquidated claims.

I.     To hear and determine all controversies and disputes that may arise in connection with this Chapter 11 case and in connection with the interpretation and implementation of the Plan.

J.     To determine any and all applications, adversary proceedings or contested matters pending on the Confirmation Date and arising under Chapter 11 of the Code or arising in or related to the Debtors' reorganization case under Chapter 11 and Title 11 of the Code.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

      K.      For such other matters as may be set forth in the Order of Confirmation.

# ARTICLE VIII

*Miscellaneous Provisions*

## 8.01    Tax Implications of the Plan.

The tax consequences of the implementation of the Plan to a specific creditor will depend on a number of factors, including whether the Creditor's Claim constitutes a "security" for federal income tax purposes, whether a Creditor has already taken a deduction of loss with respect to its Claim and the timing of any distributions under the Plan. It is possible that certain creditors will recognize gain or income as a result of distributions under the Plan. There also may be state, local or foreign tax considerations applicable to particular holders of Claims, none of which are discussed herein. Each holder of a Claim or any other party in interest in this case is strongly urged to consult with their tax advisor regarding the federal, state and local income and other tax consequences that the implementation of this Plan may have on them.

## 8.02    Effectuating Documents and Further Transactions.

The Debtors or Reorganized Debtors, as the case may be, is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to implement, effectuate and further evidence the terms and conditions of the Plan and any notes or securities issued pursuant to the Plan.

## 8.03    Post-Effective Date Fees and Expenses

From and after the Effective Date, the Reorganized Debtors shall, in the ordinary course of business and without the necessity for any approval by the Court, pay the reasonable fees and expenses of Professionals thereafter incurred by the Reorganized Debtors, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

## 8.04    Amendment or Modification of Plan

Alterations, amendments or modifications of the Plan may be proposed in writing by the Debtors at any time prior to the Confirmation Date in conformity with section 1127(a) of the Code, provided that the Plan, as altered, amended or modified, satisfies the conditions of sections 1122, 1123 and 1129 of the Code, and the Debtors shall have complied with section 1125 of the Code. The Plan may be altered, amended or modified by the Debtors at any time after the Confirmation Date in conformity with section 1127(b) of the Code, provided that the Plan, as

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

altered, amended or modified, satisfies the requirements of sections 1122 and 1123 of the Code and the Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under section 1129 of the Code and the circumstances warrant such alterations, amendments or modifications. A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.  Prior to the Effective Date, the Debtors, and without the approval of the Bankruptcy Court, and without notice to all holders of Claims and Interests, insofar as it does not materially adversely affect the interests of holders of Claims and Interests, may correct any defect, omission or inconsistency in this Plan in such manner and to such extent as may be necessary to expedite the execution of this Plan.

## 8.05    Severability

In the event that the Court determines, prior to the Confirmation Date, that any provision in the Plan is invalid, void or unenforceable, such provision shall be invalid, void or unenforceable with respect to the holder or holders of such Claims or Equity Interests as to which the provision is determined to be invalid, void or unenforceable. The invalidity, voidness or unenforceability of any such provision shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan. The Court, at the request of the Debtors, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## 8.06    Filing of Additional Documents

On or before Substantial Consummation of the Plan, the Debtors shall file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

## 8.07    No Admissions

Notwithstanding anything in the Plan to the contrary, nothing contained in the Plan shall be deemed as an admission by any Person with respect to any matter set forth in the Plan or herein.

BROWN, VAN HORN P.A.
330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301

**8.08    Substantial Consummation**

On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Code.

**8.09    Final Decree**

Once there has been Substantial Consummation of the Plan, the Reorganized Debtors shall file a motion with the Court to obtain a final decree to close the Case.

**8.10    Inconsistency**

In the event of any inconsistency between the Plan and the Disclosure Statement, any Exhibit to the Plan or the Disclosure Statement or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern. In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern.

**8.11    No Interest or Attorneys' Fees**

Except as otherwise provided under the Plan, or as ordered by the Court, no interest, penalty or other charge, including any late charge, arising from and after the Petition Date, an no award or reimbursement of any attorneys' fees or other related cost or disbursement, shall be allowed on, or in connection with, any Claim, unless otherwise provided under the Plan or awarded by the Court.

**8.12 Successors and Assigns**

This Plan and all the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

**8.13    Savings Clause**

Any minor defect or inconsistency in the Plan may be corrected or amended by the Confirmation Order.

**8.14    Remedy of Defects**

After the Effective Date, the Reorganized Debtors may, with approval of the Court, and so long as it does not materially and adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan and in form and substance satisfactory to the Reorganized Debtors.

**BROWN, VAN HORN P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

## ARTICLE XI

*Conclusion*

  The aforementioned provisions shall constitute the Plan of Reorganization of the Debtors. This Plan, when confirmed will be deemed binding on the Debtors, the Reorganized Debtors, and all creditors and parties in interest.

  Respectfully submitted this 6th day of April, 2012.

          **BROWN, VAN HORN P.A.**
          330 N. Andrews Ave., Suite 450
          Fort Lauderdale, Florida 33301
          Telephone: (954) 765-3166
          Facsimile: (954) 765-3382
          Chad@brownvanhorn.com

          By: /s/  Chad T. Van Horn
          Chad T. Van Horn, Esq.
          Florida Bar No: 64500

          **ATTORNEY FOR THE DEBTORS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 6, 2012, I electronically filed this Plan of Reorganization with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the U.S. Trustee and each party in interest that is entitled to receive a copy thereof pursuant to Bankruptcy Rule 3017(a).

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- John G. Bianco III    jgb@trippscott.com, bankruptcynoticecenter@trippscott.com
- Roy A. Diaz    rdiaz@smith-hiatt.com, SouthernDistrict@Smith-Hiatt.com
- Taji S Foreman    tforeman@erwlaw.com, BankruptcyECF@erwlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Dean R. Prober    cmartin@pprlaw.net
- Ariel Rodriguez    ariel.rodriguez@usdoj.gov
- Susan Sparks    ssparks@closingsource.net, ohare@closingsource.net;mpeery@closingsource.net;jerim@closingsource.net;gwise@closingsource.net;rmcquillen@closingsource.net;iduclos@closingsource.net
- Steve D Tran    bkfiling@consuegralaw.com
- Chad T Van Horn    chad@brownvanhorn.com,

By:    /s/ Chad T. Van Horn
Chad T. Van Horn, Esq.
Florida Bar No. 64500